Judge Owsley
delivered the opinion of the court.
This is a wfit of error, brought to recover a judgment *199 tendered against Clarke in the court below, upon an appéal from a judgment of a justice of the peace.
Pope for plaintiff, Bibb for defendant in error.
No legalob-ligation can becrea,ed on tickets m a lot-ter>'’
By the pleadings in that court, the obligation upon which Clarke sought a recovery, is admitted to have been givén for the purchase of tickets in a lottery set up by him; and as he was not only the complaining party in that court, but now asks a revision of the decision there rendered against him, it becomes material to decide whether the objection given upon such a consideration, can be sustained.
The pleadings seem to have been drawn under an impression, that no other lotteries were, at the time of the giving the obligation in question, interdicted by law, but such as might be composed of blanks and prises; and to that opinion we should be strongly inclined, were there no other statute in relation to lotteries, but that of 1799, contained in the Chancellor’s Revision, 119, and in the Appendix to the 2 vol. Littell.
But, deciding this cause under the act of Virginia of 1769, Chan. Rev. 7, although the lottery of Clarke may have been composed entirely of prizes, we can have no hesitation in affirming the judgment rendered against him.
For, as by that act, all lotteries, of whatever tion, are expressly interdicted, it follows that no legal obligation can be created by the purchaser of tickets.
The judgment must be affirmed with cost.